# EXHIBIT B

Part 1 Pages 1-33

2018-CI-12648

073RD JUDICIAL DISTRICT COURT
CANYON FURNITURE COMPANY  VS DANIEL R SA
DATE FILED: 07/10/2018

**FEE PAID**

**CAUSE NO. _____**

2018CI12648 -P00002

| | | |
|---|---|---|
| **CANYON FURNITURE COMPANY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **DANIEL RUEDA SANCHEZ, JULIO** | § | |
| **ALFONSO RODRIGUEZ VALDEZ,** | § | |
| **FURNITURE INDUSTRIES SERVICES,** | § | |
| **INC., & DISENOS INNOVADORES DE** | § | **_____ JUDICIAL DISTRICT** |
| **BAJA CALIFORNIA, S. de R.L. de C.V.,** | § | |
| | § | |
| **DEFENDANTS.** | § | **[JURY TRIAL DEMANDED]** |

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

BY: _____ DEPUTY

2018 JUL 10 P 1:48

JUL 10 2018

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE

Plaintiff Canyon Furniture Company ("Canyon") files this Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Damages, and Request for Disclosure, and contemporaneously files a separate Motion for Expedited Discovery against Defendants Daniel Rueda Sanchez, Julio Alfonso Rodriguez Valdez (together, "Individual Defendants"), Furniture Industries Services, Inc., and Diseños Innovadores de Baja California, S. de R.L. de C.V. (collectively with Individual Defendants, "Defendants"), and would show the Court the following:

## I.   PRELIMINARY STATEMENT

1.     Plaintiff Canyon Furniture Company, a Florida corporation, creates unique designs and plans for a wide variety of quality home furniture.  In certain geographical areas – including Texas – Canyon offers its unique designs exclusively through Rooms To Go and Rooms To Go Kids stores (collectively "RTG"), which have three locations in Bexar County

DOCUMENT SCANNED AS FILED

alone. Canyon has been very successful in offering its products in this manner. Defendants Daniel Rueda Sanchez (a former manager of Canyon's plant in Mexico) and Julio Alfonso Rodriguez Valdez (Canyon's Chief Financial Officer) have been illegally exploiting Canyon's success by misappropriating furniture designs, merchandise information sheets, furniture assembly instruction manuals, and component furniture parts, among other trade secret and proprietary assets, identical to Canyon's—and using Canyon's trade secret information and assets to design, manufacture and sell such furniture to third party furniture retailers (such as Bob Mills Furniture of Texas) by and through their corporations, Defendants Furniture Industries Services, Inc. and Disenos Innovadores de Baja California, S. de R.L. de C.V.

2.      Defendants' illicit actions are brazen and obvious. For example, Defendants misappropriated the designs and plans for Canyon's Creekside Loft Bunk:

Plaintiff Canyon Furniture Company's Design
Sold by Rooms To Go Kids

Defendants' Copied Furniture Design
Sold by Bob Mills Furniture



Creekside Charcoal Twin/Full Step Bunk Bed with Desk and Chest



Journey Loft Ash Twin Over Full Bed,
Mattress FREE

3.      The Court must stop Defendants' unlawful actions. In addition to actual and exemplary damages for Defendants' misappropriation of Plaintiff's trade secret information, unfair competition, breaches of fiduciary duties, breaches of confidentiality, breaches of loyalty,

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY
RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT
INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE                    Page 2

conversion, and theft, Plaintiff seeks a temporary restraining order, a temporary injunction, and a permanent injunction to stop any further exploitation pending the adjudication of the merits of Plaintiff's case. The injunction that Plaintiff seeks is authorized by Tex. Civ. P. Rem. Code § 134A.003, which provides for injunctive relief for "actual or threatened misappropriation" of trade secrets, and by common law. *See, e.g., U.S. Sporting Prod., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 219–20 (Tex. App.—Waco 1993, writ denied) (noting injunctive relief is one of several remedies available for common law misappropriation).

## II.    DISCOVERY CONTROL PLAN

4.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

## III.    CLAIM FOR RELIEF

5.      Plaintiff seeks nonmonetary relief and monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(5).

## IV.    PARTIES

6.      Plaintiff Canyon Furniture Company is a Florida for-profit corporation whose principal place of business is Florida.

7.      Daniel Rueda Sanchez, an individual citizen and resident of California, may be served with process at his usual place of abode at 819 Chervil Ct., Chula Vista, CA 91910, or wherever defendant may be found.

8.      Julio Alfonso Rodriguez Valdez, an individual and resident of Tijuana, Baja California, Mexico, whose usual place of abode is at Circuito Loma Dorada #19525, Fraccionamiento Loma Dorada, Tijuana, BC, Mexico. Julio Alfonso Rodriguez Valdez may be served with process through the Hague Convention and/or by serving the Texas Secretary of

DOCUMENT SCANNED AS FILED

State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), because (1) the Secretary of State is the agent for service on Rodriguez, (2) Rodriguez engages in business in Texas by virtue of selling furniture in Texas to one or more Texas retailers who thereafter sell to Texas consumers, (3) Rodriguez does not maintain a regular place of business in Texas, (4) Rodriguez does not have a designated agent for service of process, and (5) this lawsuit arises from Rodriguez's business in Texas.

9.      Furniture Industries Services, Inc. ("FIS") is a California corporation doing business in Bexar County, Texas that can be served through its registered agent as follows: Furniture Industries Services, Inc., c/o Berena Barajas, Its Registered Agent, 2493 Roll Dr. 210-554, San Diego, CA 92154.

10.      Diseños Innovadores de Baja California, S. de R.L. de C.V. ("Disenos") is a Mexican corporation located at Av. Roberto de La Madrid 1500-B Tijuana Baja California Norte 22170, with its principal place of business in Tijuana, Baja California, Mexico.  As a foreign corporation organized and existing under the laws of Mexico, Disenos may be served with process through the Hague Convention and/or by serving the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), because (1) the Secretary of State is the agent for service on Disenos, (2) Disenos engages in business in Texas by virtue of manufacturing furniture that is sold in Texas to Texas consumers, (3) Disenos does not maintain a regular place of business in Texas, (4) Disenos does not have a designated agent for service of process, and (5) this lawsuit arsis from Disenos's business in Texas.

## V.    JURISDICTION AND VENUE

11.      In this Original Petition, Plaintiff seeks monetary relief over $1 million.  The damages sought herein are within the jurisdictional limits of this Court.

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY
RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT
INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE                    Page 4

DOCUMENT SCANNED AS FILED

12. This Court has personal jurisdiction over Defendants because each of the Defendants has engaged in efforts to disclose or use Canyon's trade secrets to seek profit from sales of the Canyon copied furniture in Texas. This Court also has personal jurisdiction over Defendants because the Defendants have placed their copied products into the stream of commerce with the intention that they will be sold in Texas. Specifically, the Individual Defendants have (1) caused Disenos to manufacture and/or distribute furniture and (2) caused FIS to sell the furniture to retailers that operate their stores in Texas, such as Bob Mills Furniture stores located throughout Texas, including in San Antonio.

13. Venue is proper in Bexar County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events giving rise to Plaintiff's claims occurred here – namely, the unauthorized use of trade secrets to profit off of sales of copied Canyon furniture products. Venue is also proper in Bexar County, Texas pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because the claims asserted herein arise from the same transaction, occurrence, or series of transactions or occurrences.

## VI.   **FACTUAL BACKGROUND**

14. Canyon designs many lines of furniture. One such furniture line is manufactured and assembled by an affiliate of Canyon at a plant in Tijuana, Baja California, Mexico (the "Canyon Baja Plant"). This furniture line includes certain "kids furniture" known as the "Creekside Line," with offerings such as the Twin/Full Step Bunk Bed with Desk and Chest (the "Creekside Loft"), which comes in colors like "Taffy" and "Charcoal." *See* Exhibit A to Aff. of M. Goldstein; Exhibit B to Aff. of M. Goldstein. The designs and plans for such furniture were

DOCUMENT SCANNED AS FILED

created and owned by Canyon and are the result of years of thought, creativity and monetary investment by Canyon and its affiliates.

15.     The Canyon Baja Plant purchases various component parts from vendors and assembles furniture based on Canyon's exclusively created designs and plans.  One of the materials sourced from vendors is a printed drawer bottom product that is used to line the drawers of certain pieces of furniture, including the Creekside Loft.  This drawer liner – which is made to look like an old print of the "Lebanon Express" newspaper – is made specifically for Canyon' Creekside Line by one of the vendors, and is not available for general purchase from other sources.  Other specific component parts of the Creekside Line include multiple process wood-tone finishing systems that have been carefully formulated to create the "Taffy" and "Charcoal" look and both functional and decorative hardware used in assembly.  The designs and plans, merchandising information sheets, instruction/assembly manuals, pricing methodologies and structures, and other confidential, proprietary information related to the design, manufacturing and sales process are part of Canyon's valuable and confidential trade secrets ("Canyon's Trade Secrets").  Canyon carefully protects access to Canyon's Trade Secrets.

16.     Defendant Julio Alfonso Rodriguez Valdez ("Rodriguez") has served as Canyon's Chief Financial Officer since approximately 2002.   Defendant Rodriguez was responsible at Canyon for human resources, security, and all accounting and activities related to its financial operations, including all information related to costs, sales, revenues, pricing, vendor and customer lists and other highly sensitive, proprietary information/data constituting a part of Canyon's Trade Secrets (such information, collectively with Canyon's Trade Secrets, is referred to herein as the "Confidential Information").  Defendant Rodriguez at all relevant times herein had access to the Confidential Information and knew of Canyon's Trade Secrets.

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY
RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT
INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE                    Page 6

DOCUMENT SCANNED AS FILED

17.     Defendant Daniel Rueda Sanchez ("Rueda") worked at the Canyon Baja Plant for many years, from approximately 1998 through May of 2018, and served in many senior roles beginning as a product engineer and spending the last five years as the manager of the Canyon Baja Plant.  As such, Rueda was responsible, among other things, for operations of the plant, including but not limited to purchasing, engineering and manufacturing, finishing, packing and shipping and had access to all of Canyon's Trade Secrets at the Canyon Baja Plant, in addition to some or all of Plaintiff's Confidential Information.

18.     Some or all of the Confidential Information, including all of Canyon's Trade Secrets (and other information described above) is a trade secret because it includes a formula, pattern, compilation, program, device, method, technique, process, financial data, and/or list of business methods, know-how, manufacturing processes and procedures, marketing information, pricing data, product designs and manufacturing, supplier and vendor lists, technical information, technical drawings, furniture designs, competitive-pricing deals with vendors, customer lists, market-performance data, profitability analysis, and/or manufacturing methods, that: (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

19.     Plaintiff has made reasonable efforts to keep this proprietary information secret, by (1) limiting access to information outside of senior leadership, (2) using tight system controls on access to drawings, CAD files, assembly instructions and photography, and (3) buying from a very small vendor base and cultivating long-standing vendor relationships with vendors who know the value of protecting trade secrets and who would not knowingly share with a competitor

DOCUMENT SCANNED AS FILED

or sell competing product to a competitor. Third parties and the public do not know this information and cannot readily obtain this information except through improper means.

20. Unbeknownst to Canyon, Defendants Rueda and Rodriguez, while acting in their respective capacities as plant manager and Chief Financial Officer of Canyon, misappropriated and purloined the Confidential Information, including Canyon's Trade Secrets, for their own benefit to unfairly compete with Canyon and otherwise undermine Canyon's operations to Canyon's detriment. Defendants Rueda and Rodriguez secretly set up, incorporated – and owned, in whole or in part – Defendants FIS and Disenos for the purpose of wrongfully and unlawfully utilizing the Confidential Information, including especially Canyon's Trade Secrets, to copy and manufacture Canyon's furniture and designs for sale to competitors of Canyon's exclusive retail partner in Texas, and possibly elsewhere. Such Defendants stole and converted to their own use and benefit Canyon's invaluable furniture designs and other of Canyon's Trade Secrets. Moreover, on the basis of information outlined in the following paragraphs, Canyon believes that Defendants Rueda and Rodriquez caused and/or participated in the diversion of furniture component parts ordered (and possibly paid for) by the Canyon Baja Plant – to be used for the manufacture of Canyon-designed furniture – to Defendants FIS and Disenos who in turn used such parts to manufacture furniture that copies the Canyon designs (the "Copied Furniture").

21. In June 2018, Canyon became aware that Bob Mills Furniture – a direct competitor of Canyon's exclusive Texas retailer, RTG – was selling a loft bed substantially similar to Canyon's Creekside Loft. *Compare* Exhibit A to Aff. of M. Goldstein *with* Exhibit C to Aff. of M. Goldstein.

DOCUMENT SCANNED AS FILED

22.     On or around June 16, 2018, Jason Laws ("Laws"), the Store Manager of the Rooms To Go Kids store in Round Rock, Texas, traveled to a Bob Mills Furniture store in Waco, Texas, where he confirmed that Bob Mills Furniture was offering for sale to consumers a Journey Loft Twin Over Full Bed (the "Journey Loft"), which comes in colors "Ash" and a lighter color (that had since been discontinued). *See* Exhibit C to Aff. of J. Laws; Exhibit D to Aff. of J. Laws.

23.     Bob Mills Furniture apparently offered the Journey Loft for sale through its stores (including its San Antonio, Texas store) and online. Exhibit C to Aff. of M. Goldstein.

24.     The Journey Loft was virtually identical to Canyon's Creekside Loft. Not only was the "Ash" color offered by Bob Mills nearly the same as the "Charcoal" color offered by Canyon, but when Laws opened the drawers of the Journey Loft, he found the very same drawer liner used in the Creekside Loft—i.e., the "Lebanon Express" newsprint made exclusively for Canyon by its vendors. *See* Exhibit E to Aff. of J. Laws.

25.     Upon further inspection of the Journey Loft, Laws also discovered assembly instructions for the Journey Loft that look remarkably similar to assembly instructions for Canyon's Creekside Loft – even down to the placement of pictures on the page. *Compare* Exhibit F to Aff. of J. Laws *with* Exhibit D to Aff. of M. Goldstein. It appears that Defendants made minimal deletions or changes to the Canyon assembly instructions, but otherwise left them virtually intact, and thereafter attempted to pass them off as their own.

26.     Additionally, while at the Bob Mills store, Laws found manufacturer tags on the Journey Loft that showed the manufacturer was Defendant FIS. *See* Exhibit G to Aff. of J. Laws; Exhibit H to Aff. of J. Laws.. These manufacturer tags showed the Journey Loft was made in Mexico on June 26, 2016.

DOCUMENT SCANNED AS FILED

27.     Notably, prior to February 2016, Bob Mills Furniture stores routinely purchased furniture items in the Creekside Line from Canyon, and then sold them to their retail customers in Texas.  However, in or around February 2016, Canyon stopped selling its Creekside Line to Bob Mills Furniture, because Canyon's exclusive retailer RTG and Bob Mills had become direct competitors at their physical store locations in the San Antonio area.

28.     Subsequently, on July 9, 2018, Sotero Pastrano, Jr., the District Office Manager of the Rooms To Go South Texas stores and former Rooms To Go Kids store manager in Midland, Texas, traveled to a Bob Mills store located in San Antonio, Bexar County, Texas, where he discovered that the Bob Mills San Antonio store was also offering the Journey Loft for sale.  *See* Exhibit C to Aff. of S. Pastrano; Exhibit D to Aff. of S. Pastrano.  As with the Journey Loft offered for sale in the Bob Mills Waco location, this Journey Loft contained the exclusive "Lebanon Express" newsprint that is used in the Creekside Loft.  *See* Exhibit E to Aff. of S. Pastrano; Exhibit F to Aff. of S. Pastrano.  Again, as with the Waco loft, the San Antonio loft had manufacturer tags that showed the manufacturer was Defendant FIS.  *See* Exhibit G to Aff. of S. Pastrano.  Unlike the tags on the Waco loft, however, the San Antonio loft manufacturer tags showed production in Mexico much more recently – on May 22, 2018.

29.     Apparently – in breach of the duties they owed to Canyon – the Individual Defendants viewed Canyon's 2016 decision to stop selling the Creekside Line to Bob Mills Furniture as a business opportunity to exploit for their own gain.  At least as early as June 26, 2016, the Individual Defendants (1) caused Disenos to manufacture Copied Furniture and/or distribute furniture stolen from the Canyon Baja Factory, and (2) caused FIS to sell the copied or stolen furniture to Bob Mills Furniture – presumably, to fill the void left by the lack of the Creekside Line.  Defendants continue with this illicit manufacturing and/or distribution and sales

DOCUMENT SCANNED AS FILED

plan to this day, peddling furniture apparently manufactured less than two months ago.  In other words, Defendants have been using (and continue to use) Confidential Information, including Canyon's Trade Secrets, to compete with Canyon for approximately two years, while both Rueda and Rodriguez served Canyon or its affiliates.

30.    Defendants' brazen attempts to pass off Canyon-designed furniture as its own is causing irreparable injury to Canyon, which is losing sales through its exclusive retailer because competitors are offering identical products based on stolen plans and parts.  Not only that, but Canyon loses collateral sales from consumers who might have bought not just the copied products, but other Canyon-designed furniture as well.  Moreover, disclosure of Canyon's Trade Secrets could result in loss of trade secret protection.  Even if Canyon can ultimately quantify the volume of stolen merchandise, Canyon cannot quantify the harm caused to it by loss of protection of its trade secrets.

31.    When confronted yesterday, July 9, 2018, Defendant Rodriquez (Canyon's Chief Financial Officer) admitted to owning 50% of Defendant Disenos through December 2017.

## VII.    CAUSES OF ACTION

### COUNT ONE
**Unfair Competition – Statutory Misappropriation of Trade Secrets**
**Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code §§ 134A.001, *et seq.***
**(Against All Defendants)**

32.    Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

33.    Canyon owns valuable Confidential Information and Canyon's Trade Secrets, each of which is proprietary.

34.    In connection with Individual Defendants' roles with the business, Canyon gave, provided access to, and entrusted Individual Defendants with Canyon's Trade Secrets and

DOCUMENT SCANNED AS FILED

Confidential Information. Canyon went to, and continues to go to, great expense in both time and money to develop and protect the secrecy of its trade secrets and confidential proprietary information. Canyon's Trade Secrets and Confidential Information are essential to Canyon's success and enable Canyon to compete in a specialized market.

35.     Some or all of the Confidential Information, including Canyon's Trade Secrets (and other information described above) is a trade secret because it includes a formula, pattern, compilation, program, device, method, technique, process, financial data, and/or list of business methods, know-how, manufacturing processes and procedures, marketing information, pricing data, product designs and manufacturing, supplier and vendor lists, technical information, technical drawings, furniture designs, competitive-pricing deals with vendors, customer lists, market-performance data, profitability analysis, and/or manufacturing methods, that: (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Tex. Civ. Prac. & Rem. Code § 134A.002(6).

36.     Plaintiff has made reasonable efforts to keep this proprietary information secret, by (1) limiting access to information outside of senior leadership, (2) using tight system controls on access to drawings, CAD files, assembly instructions and photography, and (3) buying from a very small vendor base and cultivating long-standing vendor relationships with vendors who know the value of protecting trade secrets and who would not knowingly share with a competitor or sell competing product to a competitor.   Third parties and the public do not know this information and cannot readily obtain this information except through improper means.

DOCUMENT SCANNED AS FILED

37. One or more Defendants used improper means (either by theft, breach of a duty to maintain confidentiality, to limit use, or to prohibit discovery of a trade secret, and/or espionage through electronic or other means) to obtain Canyon's Trade Secrets. Each Defendant misappropriated Canyon's Trade Secrets through:

      a. Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; and/or

      b. Disclosure or use of a trade secret of another without express or implied consent by a person who:

            i. used improper means to acquire knowledge of the trade secret;

            ii. at the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:

                a) derived from or through a person who had utilized improper means to acquire it;

                b) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

                c) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

            iii. before a material change of the person's position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

38. Individual Defendants divulged and continue to divulge Canyon's Confidential Information, including Canyon's Trade Secrets, such as assembly instructions, vendor contact information, furniture designs, merchandise information sheets, furniture assembly instruction manuals, and component furniture parts. Individual Defendants are using the Confidential Information, including Canyon's Trade Secrets, for their benefit and/or the benefit of FIS and Disenos, and to the detriment of Canyon.

DOCUMENT SCANNED AS FILED

39.     Specifically, Individual Defendants exploited their access to the Confidential Information, including Canyon's Trade Secrets, by secreting it away for their own commercial benefit and purposes. Through their companies, FIS and Disenos, the Individual Defendants manufactured and/or distributed furniture identical in design to Plaintiff's furniture, and utilized the same manufacturing methods to sell the Copied Furniture to Plaintiff's direct competitors.

40.     Individual Defendants also have a duty not to reveal or use the Confidential Information, including Canyon's Trade Secrets, and FIS and Disenos have a duty to refrain from utilizing or even possessing such information. The Individual Defendants' acts, singularly or in combination with others, constitute a breach of their covenant not to use or disclose trade secrets or confidential information.

41.     Each Defendant's misappropriation was willful and malicious.

42.     Each Defendant's misappropriation proximately caused significant damages to Canyon. Canyon was and is being damaged by loss of direct sales, loss of collateral sales from consumers, and the possibility of losing its trade secret protection as a result of Defendants' wrongful conduct. Canyon seeks damages that include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. Canyon also seeks injunctive relief for actual and/or threatened misappropriation; exemplary damages; and attorney's fees under Tex. Civ. Prac. & Rem. Code § 134A.003-005.

## COUNT TWO
### Unfair Competition – Common Law Misappropriation
### (Against All Defendants)

43.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

---

DOCUMENT SCANNED AS FILED

44.     In addition to misappropriating Canyon's Trade Secrets in violation of the Texas Uniform Trade Secrets Act, Defendants have engaged in common law misappropriation of Canyon's Confidential Information, including Canyon's Trade Secrets. Canyon invested extensive time, labor, skill, and money in the creation of its furniture designs, merchandise information sheets, furniture assembly instruction manuals, component furniture parts and other Confidential Information.

45.     Defendants have used Canyon's furniture designs, assembly instructions, component furniture parts, and/or other Confidential Information to manufacture and/or distribute the Copied Furniture. Defendants have thereafter sold the Copied Furniture to retailers such as Bob Mills Furniture in Texas (and possibly elsewhere) in competition with the Plaintiff, thereby gaining a special advantage in that competition (*i.e.,* a "free ride") because Defendants are burdened with little or none of the expense incurred by the Plaintiff.

46.     Defendants actions in manufacturing the Copied Furniture and offering it for sale in competition with Plaintiff has caused commercial damage to the Plaintiff, including but not limited to, loss of sales that Plaintiff could have made of the Copied Furniture, loss of good will, and loss of collateral sales from consumers who bought the Copied Furniture at Bob Mills Furniture instead of through Canyon's exclusive retailers.

47.     Defendants' unlawful conduct described above will continue unless restrained immediately by order of the Court. By the unlawful conduct of Defendants, Canyon will suffer immediate and irreparable harm that cannot be compensated by an award of damages    .

48.     Consequently, Canyon also requests compensatory damages in an amount to be proven at trial and exemplary damages to deter such conduct in the future.

DOCUMENT SCANNED AS FILED

## COUNT THREE
### Breach of Fiduciary Duty
### (Against Individual Defendants)

49.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

50.     By virtue of Rodriguez's role as Chief Financial Officer, Rodriguez enjoys a fiduciary relationship with Plaintiff.  By virtue of the  appointment of Rueda as the Canyon Baja Plant Manager, Rueda enjoyed a relationship of special trust and confidence with Plaintiff. Pursuant to those relationships, each Individual Defendant owes or owed to Canyon the fiduciary duties of care, loyalty, good faith, and full disclosure, the duty to refrain from self-dealing, and the duty to put Canyon's interests ahead of its own interests and the interests of others.

51.     The Individual Defendants breached their fiduciary duties owed to Plaintiff by abusing their positions of trust and access to Plaintiff's Confidential Information, including Canyon's Trade Secrets, for their own personal gain to Plaintiff's detriment. Specifically, the Individual Defendants used the information Plaintiff entrusted to them to identify which pieces of furniture were profitable, how to make and manufacture the furniture profitably, where to buy vendor parts, and the competitive pricing for those parts.  The Individual Defendants further used their access to the Confidential Information (including Canyon's Trade Secrets) to steal that information and use it to cause their businesses, FIS and Disenos, to manufacture, sell, and profit from the Copied Furniture.   In doing so, the Individual Defendants engaged in self-dealing, failed to put Canyon's interests ahead of their own interests, violated the duties of good faith and loyalty.

DOCUMENT SCANNED AS FILED

52.     As a direct and proximate result of the Individual Defendants' conduct as alleged above, Canyon was injured and has suffered substantial damages, including loss of good will, loss of sales, reputational harm, brand dilution, and loss of collateral sales.

53.     Canyon is entitled to recover all damages suffered as a result of the Individual Defendants' breaches of fiduciary duties.

## COUNT FOUR
### Breach of Confidential Relationship
### (Against Rueda and Rodriguez)

54.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

55.     Defendant Rodriguez served as Chief Financial Officer and enjoyed a confidential relationship with Plaintiff.  By virtue of the appointment of Rueda as the Canyon Baja Plant Manager, Rueda enjoyed a relationship of special trust and confidence with Plaintiff.

56.     The Individual Defendants breached that confidential relationship by using and disclosing Plaintiff's Confidential Information, including Canyon's Trade Secrets, which they gained knowledge of through their respective roles and confidential relationship with Plaintiff.

57.     The Individual Defendants knew that the Confidential Information, including Canyon's Trade Secrets, was presented to them in confidence as Plaintiff's CFO and plant manager.

DOCUMENT SCANNED AS FILED

## COUNT FIVE

### Breach of Duty of Loyalty
### (Against Individual Defendants)

58.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

59.     By virtue of Rodriguez's role as Chief Financial Officer and Rueda's appointment as the Canyon Baja Factory's plant manager, Individual Defendants had a confidential relationship with Canyon and owed a duty of loyalty to Canyon, which includes the obligation to act in Canyon's interest and the obligation not to take, divulge, or use Canyon's Confidential Information, including Canyon's Trade Secrets, to Canyon's detriment during or after their service to the company.

60.     Therefore, as persons with access to Canyon's Confidential Information, Individual Defendants had common law duty of loyalty not to remove, convert or misappropriate Canyon's Confidential Information, including Canyon's Trade Secrets.

61.     Individual Defendants divulged Canyon's Confidential Information to others, including to FIS and Disenos, to the detriment of Canyon.  Specifically, Individual Defendants used Canyon's Confidential Information, particularly information about Canyon furniture manufacturing and assembly processes, to cause Disenos to manufacture and assemble furniture designed by Canyon and sell it through FIS to Bob Mills Furniture stores and possibly others. Accordingly, Individual Defendants used Canyon's Confidential Information for their benefit and/or the benefit of FIS and Disenos and to the detriment of Canyon.  Canyon has not authorized the removal, use, and/or disclosure of the Confidential Information taken by Individual Defendants.

DOCUMENT SCANNED AS FILED

62.     Individual Defendants' acts constitute a breach of their common law duty of loyalty owed to Canyon.   The above-referenced acts in misappropriating Confidential Information developed by Canyon and other conduct committed by Individual Defendants are the proximate cause of significant damages to Canyon.

63.     Canyon has been and will continue to be damaged by the lost revenue and lost business goodwill as a result of Individual Defendants' wrongful conduct.

64.     Individual Defendants' unlawful conduct described above will continue unless restrained immediately by order of the Court.  By the unlawful conduct of Defendants, Canyon will suffer immediate and irreparable harm that cannot be compensated by an award of damages.

65.     Canyon has also been damaged by the disclosure, use and/or removal of its Confidential Information and trade secrets and Defendants' use and disclosure of the same. Canyon will continue to be damaged if Defendants continue to disclose or use Canyon's Confidential Information.

66.     Individual Defendants' conduct described above was done willfully, intentionally, and with malice. Consequently, Canyon also requests actual damages in an amount to be proven at trial and exemplary damages to deter such conduct in the future.

## VIII.   APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

### A.   Temporary Restraining Order Against All Defendants

67.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs.

68.     Plaintiff Canyon is likely to succeed on the merits of its lawsuit.  There exists evidence that Individual Defendants breached and are breaching their duties of confidence, loyalty, and fiduciary duties owed to Canyon.  Furthermore, Defendants' actual misappropriation

DOCUMENT SCANNED AS FILED

supports Canyon's request for injunctive relief.  As more fully set forth in above in this Petition, Defendants' wrongful conduct damaged and is damaging Canyon.

69.      Under the circumstances, there is immediate danger resulting from Defendants' (1) actual misappropriation; and (2) breaches and improper competition with Canyon, all to Canyon's detriment.

70.      Such actions, if not restrained and enjoined, have caused and will continue to cause Canyon irreparable harm, and Canyon will not have an adequate remedy at law because the harm caused by loss of collateral sales and the loss of trade secret protection is not quantifiable.  Mere money damages cannot adequately compensate Canyon for such loss, or, in fact, prevent such devastating and permanent loss.  Consequently, a temporary restraining order is necessary to prevent further loss, and to prevent further immediate and irreparable harm.

71.      Thus, the only adequate, effective, and complete relief to Canyon is to enjoin and restrain Defendants immediately from engaging in the proscribed activities set forth below. Accordingly, pursuant to Texas Rules of Civil Procedure 680, 682-84, Canyon requests that the Court enter a temporary restraining order immediately to enjoin and restrain that (1) Defendants; (2) Defendants' agents, servants, employees, and attorneys; (3) all others acting in concert with Defendants; and (4) people or entities that receive actual notice of the Order by personal service or otherwise be restrained and enjoined until expiration of the temporary restraining order as follows:

        a.  For Defendants (or anyone in concert with them), from using, maintaining, revealing, or disclosing Canyon's Confidential Information, including Canyon's Trade Secrets, in their possession;

        b.  For Defendants (or anyone in concert with them), from soliciting, attempting to solicit, or interfering with Canyon's business relationships, or doing business with any of Canyon's customers or vendors;

        c.  For Defendants (or anyone in concert with them), from directly or indirectly transferring, spending, hypothecating, concealing, encumbering,

DOCUMENT SCANNED AS FILED

withdrawing, removing, or allowing transfer, removal, or withdrawal of all monies, payments, or things of value received by Defendants that were received or earned as a result of any use or disclosure of Canyon's Confidential Information, including Canyon's Trade Secrets;

d. For Defendants (or anyone in concert with them), from destroying or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including (but without limitation) all devices, electronic media, cloud storage, telephones and all copies of any and all documents, media and/or other materials containing, identifying, describing, reflecting, or referencing Canyon's confidential, proprietary, or trade secret information and any and all documents, date, and information which was obtained by Defendants from or by virtue of their relationship with Canyon, including all current and archived media, emails, chats, texts, documents, electronic logs, metadata, storage directories, telephone logs, telephones, computer, laptops, software or hardware; and

e. For Defendants (or anyone in concert with them), from selling any furniture made in whole or in part with Canyon's Confidential Information and/or Canyon's Trade Secrets.

72.     Plaintiff is ready, willing, and able to post bond pursuant to Tex. Civ. P. 684.

**B.  Temporary and Permanent Injunction**

73.     Plaintiff Canyon seeks temporary and permanent injunctive relief pursuant to Tex.

R. Civ. P. 681-84.

74.     As a direct and proximate result of Defendants' conduct described above, Canyon

has lost significant, uncertain, and possibly indeterminable amounts of money. Further,

Defendants actions are also damaging Canyon in ways that money simply cannot replace. On

this date and considering the ongoing nature of Defendants' activities, the total loss to Canyon

cannot be accurately measured.  However, unless Defendants are enjoined as requested herein,

Canyon will suffer further irreparable harm.

75.     The conduct by Defendants, as set forth in detail above, will further lead to

irreparable injury to Canyon, in part because of the strong likelihood that neither FIS, Disenos,

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY
RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT
INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE                Page 21

DOCUMENT SCANNED AS FILED

nor Individual Defendants have sufficient assets to satisfy a monetary judgment that may be rendered against them, such that Canyon has no adequate remedy at law.

76.    Defendants' conduct is without right or entitlement.

77.    For the harm and loss suffered by Canyon, and for the harm and loss that will continue but for the intervention of the Court, Canyon has no adequate remedy at law.  If Defendants or anyone acting on their behalf or at their direction are permitted to continue to manufacture, sell, and profit from the Copied Furniture, Defendants will have profited by their own wrong, resulting in immeasurable damages to Canyon that are unpredictable, uncertain and unending.  Unless restrained as requested herein, there exists substantial risk that Defendants will be unable to answer in money damages.

78.    Prospective harm caused by issuing the injunctive relief prayed for herein does not outweigh the substantial loss to be caused by the disclosure and/or unauthorized use of Canyon's Confidential Information, including Canyon's Trade Secrets. Further, the injunctive relief prayed for herein will do no more than restore the parties to their status that existed prior to Defendants' unlawful conduct.

79.    Canyon is entitled to obtain injunctive relief to prevent Defendant Rodriguez from further breaching his duty of loyalty to Canyon and to prevent the further misappropriation of Canyon's Confidential Information, including Canyon's Trade Secrets.

80.    For the reasons stated in this pleading, it is essential that this Court, upon expiration of temporary restraining order and hearing, temporarily restrain Defendants and anyone acting on their behalf and/or at their direction as follows:

> a. For Defendants (or anyone in concert with them), from using, maintaining, revealing, or disclosing Canyon's Confidential Information, including Canyon's Trade Secrets, in their possession;

DOCUMENT SCANNED AS FILED

b. For Defendants (or anyone in concert with them), from soliciting, attempting to solicit, or interfering with Canyon's business relationships, or doing business with any of Canyon's customers or vendors;

c. For Defendants (or anyone in concert with them), from directly or indirectly transferring, spending, hypothecating, concealing, encumbering, withdrawing, removing, or allowing transfer, removal, or withdrawal of all monies, payments, or things of value received by Defendants that were received or earned as a result of any use or disclosure of Canyon's Confidential Information, including Canyon's Trade Secrets;

d. For Defendants (or anyone in concert with them), from destroying or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including (but without limitation) all devices, electronic media, cloud storage, telephones and all copies of any and all documents, media and/or other materials containing, identifying, describing, reflecting, or referencing Canyon's confidential, proprietary, or trade secret information and any and all documents, date, and information which was obtained by Defendants from or by virtue of their relationship with Canyon, including all current and archived media, emails, chats, texts, documents, electronic logs, metadata, storage directories, telephone logs, telephones, computer, laptops, software or hardware; and

e. For Defendants (or anyone in concert with them), from selling any furniture made in whole or in part with Canyon's Confidential Information and/or Canyon's Trade Secrets.

81.     It is essential that the Court act immediately because to do otherwise would risk irreparable injury to Canyon with no adequate remedy at law. Further, Defendants' on-going conduct threatens Canyon, and, therefore, relief cannot wait until a full injunction hearing can be had.

82.     For the reasons stated herein, Canyon further requests that upon proper notice and hearing, a temporary injunction be entered against Defendants on the terms set forth above to enjoin Defendants—and their agents, servants, employees, attorneys, and those persons and entities in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise—from undertaking the conduct described herein.

83.     Canyon will seek a permanent injunction on final trial of this lawsuit to enjoin Defendants from the conduct (with additional reasonable limitations) set forth above.

DOCUMENT SCANNED AS FILED

84.     Plaintiff is ready, willing, and able to post bond pursuant to Tex. R. Civ. P. 684.

## XII. DAMAGES

85.     As stated above, Defendants' actions caused, and if not enjoined will continue to cause, irreparable harm to Canyon, for which there is no adequate remedy at law. Further, Defendants caused additional harm that may be compensable through a judgment for actual damages. Each of the acts and omissions alleged herein singularly or in combination with others, constitutes breach of the common law duty not to use or disclose confidential information; breach of contract; breach of the duty of loyalty; tortious interference with existing or prospective contracts/business relations; misappropriation of confidential information and/or trade secrets; unfair competition; unjust enrichment; and other wrongful conduct which proximately caused the occurrences made the basis of this action, and Canyon's damages. Accordingly, as a proximate result of Defendants' conduct set forth herein, Canyon suffered damages far in excess of the minimum jurisdiction limits of this Court, and is entitled to recover same, in addition to interest, costs, reasonable attorney's fees, and in addition to any other available relief.

86.     Further, Canyon seeks judgment from and against Defendants jointly and severally, in the amount of its actual damages, punitive, and exemplary damages, pre-and post-judgment interest, attorney's fees and expenses, cost of court, and any other damages recoverable under applicable law.

## XIII. ATTORNEY'S FEES, COSTS, AND INTEREST

87.     Pursuant to Tex. Civ. Prac. & Rem. Code § 134.005 and/or § 134A.005, Canyon is entitled to recover attorney's fees in this case from Defendants.

DOCUMENT SCANNED AS FILED

88.     In addition to reimbursement of its legal expenses and attorney's fees, Canyon seeks and is entitled to costs of Court, and pre-judgment and post-judgment interest at the maximum rate permitted by law.

## IX.   CONDITIONS PRECEDENT

89.     To the extent applicable, all conditions precedents have been performed, have occurred, or have been waived, in accordance with the Texas Rule of Civil Procedure 54.

## X.   DEMAND FOR JURY TRIAL

90.     Plaintiff requests a jury trial and tenders the appropriate fee with this petition.

## XI.   REQUEST FOR DISCLOSURE

91.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information and material described in Tex. R. Civ. P. 194.2.

## XII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Canyon respectfully requests:

A.     A Temporary Restraining Order be issued restraining Defendants and anyone acting on their behalf or at their direction as follows:

1. For Defendants (or anyone in concert with them), from using, maintaining, revealing, or disclosing Canyon's Confidential Information, including Canyon's Trade Secrets, in their possession;

2. For Defendants (or anyone in concert with them), from soliciting, attempting to solicit, or interfering with Canyon's business relationships, or doing business with any of Canyon's customers or vendors;

3. For Defendants (or anyone in concert with them), from directly or indirectly transferring, spending, hypothecating, concealing, encumbering, withdrawing, removing, or allowing transfer, removal, or withdrawal of all monies, payments, or things of value received by Defendants that were received or earned as a result of any use or disclosure of Canyon's Confidential Information, including Canyon's Trade Secrets;

DOCUMENT SCANNED AS FILED

4. For Defendants (or anyone in concert with them), from destroying or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including (but without limitation) all devices, electronic media, cloud storage, telephones and all copies of any and all documents, media and/or other materials containing, identifying, describing, reflecting, or referencing Canyon's confidential, proprietary, or trade secret information and any and all documents, date, and information which was obtained by Defendants from or by virtue of their relationship with Canyon, including all current and archived media, emails, chats, texts, documents, electronic logs, metadata, storage directories, telephone logs, telephones, computer, laptops, software or hardware;

5. For Defendants (or anyone in concert with them), from selling any furniture made in whole or in part with Canyon's Confidential Information and/or Canyon's Trade Secrets.

B.     All Defendants be cited to appear and show cause and upon such hearing, a

Temporary Injunction be issued enjoining Defendants—and their agents, servants, employees,

attorneys and those persons and entities in active concert or participation—from the conduct set

forth above;

C.     Monetary relief in excess of $1,000,000;

D.     Actual and consequential damages incurred by Canyon, as determined at a trial on

the merits;

E.     Judgment against Defendants for exemplary damages as determined at trial on the

merits;

F.     Costs of suit, including court costs and reasonable legal expenses and attorney's

fees;

G.     Pre- and post-judgment interest at the maximum rate provided by law;

H.     A Permanent Injunction be ordered on final trial of this cause enjoining

Defendants from the conduct set forth above;

I.     Canyon have Judgment against all Defendants, jointly and severally, as requested

above;

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY
RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT
INJUNCTION, AND DAMAGES, AND REQUEST FOR DISCLOSURE                    Page 26

DOCUMENT SCANNED AS FILED

J.       Canyon have expedited discovery (including the production of documents and tangible items) as set forth in its separate Motion for Expedited Discovery; and

K.       Canyon recover such other and further relief, at law or in equity, to which it may show itself justly entitled.

Dated: July 10, 2018                              DIAMOND MCCARTHY LLP

Allan B. Diamond
TX State Bar No. 05801800
Rebecca A. Muff
TX State Bar No. 24083533
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
adiamond@diamondmccarthy.com
rmuff@diamondmccarthy.com

Jason P. Fulton
State Bar No. 24040936
2711 N. Haskell Avenue, Suite 3100
Dallas, Texas 75204
(214) 389-5300 Telephone
(214) 389-5399 Facsimile
jfulton@diamondmccarthy.com

*Counsel for Canyon Furniture Company*

DOCUMENT SCANNED AS FILED

## CERTIFICATE UNDER LOCAL RULE 6

The undersigned counsel for the Plaintiff in this action, states pursuant to RULE 6 of the Local Rules For the Bexar County Civil District Courts, to the best of her knowledge, the respondents are not represented by counsel. Further, attempts to notify the respondents could cause irreparable harm to the movant because one or more of the respondents might attempt to leave the United States to evade service.

Rebecca A. Muff

DOCUMENT SCANNED AS FILED

## VERIFICATION BY UNSWORN DECLARATION OF JASON LAWS

"My name is JASON LAWS. My date of birth is September 10, 1979 and my address is 375

Runnel Drive, Kyle, Texas 78640, United States. I am the Store Manager of the Rooms To Go

Kids store in Round Rock, Texas, and I am capable of making this verification. I have reviewed

paragraphs 22, 24, 26, and 27 from the Original Petition and Application for Temporary

Restraining Order, Temporary Injunction, and Permanent Injunction, and Damages, and

Request for Disclosure (the "Petition"). I declare under penalty of perjury that the facts stated in

paragraphs 22, 24, 26, and 27 of the Petition are within my personal knowledge and are true and

correct."

Executed in Williamson County, State of Texas, on July 10, 2018.

JASON LAWS

## VERIFICATION BY UNSWORN DECLARATION OF JASON LAWS

"My name is JASON LAWS. My date of birth is September 10, 1979 and my address is 375 Runnel Drive, Kyle, Texas 78640, United States. I am the Store Manager of the Rooms To Go Kids store in Round Rock, Texas, and I am capable of making this verification. I have reviewed paragraphs 22, 24, 26, and 27 from the Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Damages, and Request for Disclosure (the "Petition"). I declare under penalty of perjury that the facts stated in paragraphs 22, 24, 26, and 27 of the Petition are within my personal knowledge and are true and correct."

Executed in Williamson County, State of Texas, on July 10, 2018.

JASON LAWS

DOCUMENT SCANNED AS FILED

## VERIFICATION BY UNSWORN DECLARATION OF MICAH GOLDSTEIN

"My name is MICAH GOLDSTEIN. My date of birth is May 9, 1970 and my address is 4845 Merlendale Ct, Atlanta, GA 30327, United States. I am the Vice President of Canyon Furniture Company, and I am capable of making this verification. I have reviewed paragraphs 1-3, 14-21, 23, and 29-89 from the Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Damages, and Request for Disclosure (the "Petition"). I declare under penalty of perjury that the facts stated in paragraphs 1-3, 14-21, 23, and 29-89 of the Petition are within my personal knowledge and are true and correct."

Executed in Tijuana, Baja California, Mexico, on July 10, 2018.

_____
MICAH GOLDSTEIN

DOCUMENT SCANNED AS FILED

## VERIFICATION

**STATE OF TEXAS**               §

**COUNTY OF BEXAR**              §

Before me, the undersigned notary, on this day, personally appeared SOTERO PASTRANO, JR., the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is SOTERO PASTRANO, JR. I am the District Office Manager of the Rooms To Go South Texas stores that includes San Antonio and a former Rooms To Go Kids store manager in Midland, Texas, and I am capable of making this verification. I have read paragraph 28 of the Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Damages, and Request for Disclosure (the "Petition"). The facts stated in paragraph 28 of the Petition are within my personal knowledge and are true and correct."

_____
SOTERO PASTRANO, JR.


SWORN TO AND SUBSCRIBED BEFORE ME ON ___July 10___, 2018.

_____
Notary Public

State of __Texas__

My commission expires: | 12-10-2018

JENIFER PERRY
Notary Public
State of Texas
My Comm. Exp. 12-10-2018