UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CANYON FURNITURE COMPANY<br>        PLAINTIFF, | § | |
| | § | |
| | § | CIVIL ACTION NO. 5:18-cv-00753-OG |
| v. | § | |
| | § | |
| DANIEL RUEDA SANCHEZ, JULIO | § | |
| ALFONSO RODRIGUEZ VALDEZ, | § | |
| FURNITURE INDUSTRIES SERVICES, | § | |
| INC., & DISENOS INNOVADORES DE | § | DEMAND FOR JURY TRIAL |
| BAJA CALIFORNIA, S. de R.L. de C.V. | § | |
|         DEFENDANTS. | § | |

**DEFENDANTS' AMENDED OPPOSED MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

**I.      INTRODUCTION**

Plaintiff Canyon Furniture Company ("Canyon") filed suit against Defendants Daniel

Rueda Sanchez ("Rueda"), Julio Alfonso Rodriguez Valdez ("Rodriguez"), Furniture Industries

Services, Inc. ("FIS"), and Disenos Innovadores de Baja California, S. de R.L. de C.V.

("Disenos"), in Bexar County, Texas district court on July 10, 2018. *See* Dkt. 1-5 at 2. On July 19,

2018, Plaintiff filed its First Amended Petition in state court, adding three additional claims. *See*

Dkt. 1-11 at 2. On July 20, 2018, Defendants filed their notice of removal and removed this case

to federal court. *See* Dkt. 1. However, this case does not belong before this Court, or before any

court in the State of Texas. This is a classic case of forum shopping for favorable law. Three of

the four Defendants in this case have no connection to Texas at all and the one Defendant has

tenuous connections to Texas at best. Further, none of the events giving rise to Plaintiff's claims

took place in Texas, nor do Defendants or Plaintiff reside in Texas. Plaintiff chose Texas simply

because Texas law is more favorable to Plaintiff than the law in California or Mexico, where this

case belongs and should have been filed. Accordingly, Defendants respectfully request the Court

1

dismiss Plaintiff's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). It would appear that Canyon is not the proper Plaintiff in this case.  All of the information that Defendants would have received was at was located at Montecitos Manufacturing S. De R.L. De C.V. in Tijuana, Mexico where Plaintiff manufactured its beds. It would appear that the real party in interest was Montecitos.  Defendants never worked for Plaintiff as misrepresented by Plaintiff.

## II.    APPLICABLE LAW

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Redzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "Personal jurisdiction must exist for each claim asserted against [each] defendant." *Matassarin v. Grosvenor*, No. SA-12-CA-913-RP, 2015 WL 12734756, *7 (W.D. Tex. May 15, 2015) (quoting *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 772 (N.D. Tex. 2008)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists where a defendant's contacts with the forum "are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985). In contrast, specific jurisdiction exists where the plaintiff's claims "aris[e] out of or [are] related to the defendant's contacts with the forum." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Helicopteros Nacionales*, 466 U.S. at 414 n.8).

"Where the plaintiff alleges specific jurisdiction . . . due process requires (1) minimum contacts by the defendant purposely directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the

defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). For purposes of specific jurisdiction, the due-process test of foreseeability is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (internal quotation marks omitted) (quoting *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)).

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

III.     ARGUMENT

In order for the Court to hear Plaintiff's claims, personal jurisdiction must exist for each claim asserted against each Defendant. *See Matassarin v. Grosvenor*, No. SA-12-CA-913-RP, 2015 WL 12734756, *7 (W.D. Tex. May 15, 2015) (quoting *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 772 (N.D. Tex. 2008)).   There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. "When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state has been said to be exercising 'general jurisdiction' over the defendant." *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 n.9 (1984). General jurisdiction exists where a defendant's contacts with the forum "are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985). In contrast, specific jurisdiction exists where the plaintiff's claims "aris[e] out of or [are] related to the defendant's contacts with the forum." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271

(5th Cir. 2006) (quoting *Helicopteros Nacionales*, 466 U.S. at 414 n.8). The Court lacks both

general and specific personal jurisdiction over Defendants in this case.

A.        The Court Lacks General Personal Jurisdiction Over Corporate Defendants

For a corporation, general jurisdiction exists where "the corporation is fairly regarded as at

home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, "the place of incorporation and

principal place of business are 'paradig[m] . . . bases for general jurisdiction'" with respect to

corporations. *Id.* (alterations in original) (quoting Brilmayer et al., *A General Look at General*

*Jurisdiction*, 66 TEX. L. REV. 721, 735 (1988)). Neither FIS nor Disenos is incorporated in the

State of Texas. *See* Ex. A at ¶¶16–17. FIS is incorporated in the State of California and Disenos is

incorporated in Mexico. *See id.* Similarly, neither FIS nor Disenos has its principal place of

business in Texas. FIS's principal place of business is 6051 Business Center Ct. 4-273, San Diego,

California 92154. *See id.* at ¶16. Disenos, as Plaintiff's complaint admits, has its principal place

of business in Tijuana, Mexico. *See* Dkt. 1-11 at 5 ¶10 ("[Disenos] is a Mexican corporation

located at Av. Roberto de La Madrid 1500-B Tijuana Baja California Norte 22170, with its

principal place of business in Tijuana, Baja California, Mexico."); *See* Ex. A at ¶17.

Disenos has no contact with Texas whatsoever. *See id.* at 5. Further, FIS's only contact

with Texas is the limited sale of furniture to Bob Mills Furniture, an Oklahoma company. *See id.*

Bob Mills Furniture was not involved in the claims of Plaintiff and has no knowledge of Plaintiff's

claims that occurred long before Bob Mills Furniture purchased the beds. These contacts are

insufficient to subject either FIS or Disenos to general personal jurisdiction in Texas. The principal

inquiry when determining whether general jurisdiction over a corporation exists "is whether that

corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] at

4

home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (alterations in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Here, neither FIS's nor Disenos's contacts are so continuous and systematic as to render them at home in Texas. FIS is at home in California and Disenos is at home in Mexico. Accordingly, the Court lacks general personal jurisdiction over both FIS and Disenos. *See id.*

**B.      The Court Lacks General Personal Jurisdiction Over Individual Defendants**

The Court also lacks general jurisdiction over Defendants Rueda and Rodriguez. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The term "domicile" has been defined as "[a] residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (quoting *Mitchell v. United States*, 88 U.S. 350, 352 (1874)).

As Plaintiff's complaint admits, Sanchez is "an individual citizen and resident of California" and Rodriguez is "an individual and resident of Tijuana, Baja California, Mexico." Dkt. 1- 11 at 4 ¶¶7–8; *See* Ex. A at ¶¶14–15. Therefore, Rueda and Rodriguez are domiciled in California and Tijuana, Baja California, Mexico respectively. *See Freeman*, 754 F.2d at 555. Furthermore, neither Rueda nor Rodriguez have any personal contacts with Texas at all. Accordingly, the Court lacks general personal jurisdiction over Defendants Rueda and Rodriguez.

**C.      The Court Lacks Specific Personal Jurisdiction Over Defendants**

In contrast to general jurisdiction, specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A suggested Analysis*, 79 HARV. L. REV. 1121, 1136 (1966)). "Where the plaintiff alleges specific jurisdiction . . . due process requires (1) minimum contacts by the defendant purposely directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). Plaintiff has failed to establish any of these three requirements as to all Defendants.

### i.     *Defendants' have not established minimum contacts with Texas*

Defendants do not have sufficient minimum contacts with Texas to create specific jurisdiction in Texas. Defendants Rueda, Rodriguez, and Disenos have no direct contact with Texas at all. Thus, Defendants Rueda, Rodriguez, and Disenos have clearly not established minimum contacts with Texas. *See Constenla, S.A.*, 669 F.3d at 498. FIS is the only Defendant who has any contacts with Texas, and its contacts are attenuated at best.

FIS periodically sells furniture to Bob Mills. That furniture is shipped by a carrier paid for by Bob Mills to Fort Worth, Texas. However, Bob Mills is based in Oklahoma City, Oklahoma. In fact, the invoices sent from FIS to Bob Mills are sent to Bob Mills's corporate office in Oklahoma City. *See* Ex. B. The only reason Defendants' furniture is shipped to Fort Worth, Texas is because Bob Mills arranged for it be sent there. FIS has not purposely directed its activities toward Texas or "purposely availed itself of the privileges of conducting activities" in Texas. *See*

*Constenla, S.A.*, 669 F.3d at 498. Nor has FIS conducted itself in such a way that it should "reasonably anticipate being haled into court [here]." *Stuart*, 772 F.2d at 1192. Instead, FIS's contacts with Texas result from Bob Mills's unilateral decision to request delivery of FIS's furniture there. Accordingly, FIS has not established minimum contacts with Texas sufficient to create specific personal jurisdiction in Texas. *See Constenla, S.A.*, 669 F.3d at 498.

### ii.    There is no nexus between Defendants' contacts with Texas and Plaintiff's claims

Even if Defendants had established minimum contacts with Texas, which they have not, there is no nexus between Defendants' contacts with Texas and Plaintiff's claims. Defendants' only contacts with Texas are the sale of furniture by FIS to Bob Mills. However, Plaintiff's claims have nothing to do with the sale of furniture; they all deal with the misappropriation of trade secrets, fraud, and breach of various duties related to a confidential relationship between Plaintiff and Defendants, all of which occurred in Mexico where the furniture was designed and manufactured. Not one of Plaintiff's claims revolves around FIS's sale of furniture to Bob Mills. Instead, each of Plaintiff's claims hinges on events that allegedly took place in Mexico.

Regarding its claims for misappropriation, Plaintiff's complaint states, "Specifically, individual Defendants exploited their access to the Confidential Information, including Canyon's Trade Secrets, by secreting it away for their own commercial benefit and purposes." Dkt. 1-11 at 18 ¶45. Plaintiff's complaint alleges that Defendant Rodriguez had access to confidential information through his role as Canyon's Chief Financial Officer, Dkt. 1-11 at 8 ¶16, and that Defendant Rueda had access to confidential information through his role as manager of Canyon's plant in Tijuana, Mexico, Dkt. 1-11 at 8 ¶17. However, Defendant Rodriguez was never Plaintiff's Chief Financial Officer; he was Chief Financial Officer of Canyon Furniture Mexico S.A. de C.V. ("Canyon Mexico"), a Mexican Corporation. *See* Ex. A at ¶23. During his time as Canyon

7

Mexico's Chief Financial Officer, Defendant Rodriguez lived in Tijuana, Mexico. *See id.* at ¶15. Similarly, during his time as manager of Canyon's plant in Tijuana, Mexico, Defendant Rueda lived in Chula Vista, California. *See id.* at ¶14. Neither Defendant Rueda nor Defendant Rodriguez has ever lived or worked in Texas. *See id.* at 5. Thus, assuming Defendants Rueda and Rodriguez did misappropriate Plaintiff's trade secrets, which Defendants dispute, they did so in Mexico, not in Texas. The same is true for Plaintiff's claims for breach of fiduciary duty, breach of confidential relationship, and breach of duty of loyalty against Defendants Rueda and Rodriguez. The events giving rise to all of these claims took place in Mexico. As a practical matter, any confidential relationships that Defendants Rueda and Rodriguez had with Plaintiff could only have been breached where Defendants Rueda and Rodriguez lived or worked, in California and in Mexico.

Plaintiff's complaint also alleges that Defendants Rueda and Rodriguez used Canyon's confidential information to, through their companies FIS and Disenos, manufacture furniture virtually identical to that sold by Canyon. *See* Dkt. 1-11 at 9–10 ¶20. Assuming this is true, which Defendants dispute, these events too would have taken place in either Mexico or California. Disenos is a Mexican corporation located in Tijuana, Mexico. *See* Ex. A at ¶17. Disenos manufactures all of Defendants' furniture in Tijuana, Mexico. *See id.* at ¶29. FIS is a California corporation based in San Diego, California. *See id.* at ¶16. Thus, if FIS and/or Disenos illegally used Canyon's confidential information to manufacture their own furniture, which Defendants dispute, they did so in Mexico, not in Texas.

Finally, Plaintiff alleges fraud by nondisclosure against Defendants Rueda and Rodriguez, common law fraud against Defendant Rodriguez, and unjust enrichment against Defendant FIS. *See* Dkt. 1-11 at 24–26. Again, like all of Plaintiff's other claims, there is no connection between the State of Texas and Counts Six, Seven, and Eight of Plaintiff's Amended Complaint. In fact,

there is not a single allegation in Plaintiff's Amended Complaint linking these claims to the State of Texas. Defendant Rueda is a resident of California, Defendant Rodriguez is a resident of Tijuana, Mexico, and FIS is a California corporation. Further, the alleged fraudulent nondisclosure of Defendants Rueda and Rodriguez, alleged fraudulent misrepresentations by Defendant Rodriguez, and alleged unjust enrichment of Defendant FIS all took place in either California or Mexico. Therefore, there is no nexus between the State of Texas and Counts Six, Seven, and Eight of Plaintiff's Amended Complaint.

In sum, the only contact between Texas and any of Defendants is FIS's sale of furniture to Bob Mills in Fort Worth, Texas. However, the sale of what Plaintiff refers to as the "Copied Furniture," Dkt. 1-11 at 10 ¶20, is irrelevant to Plaintiff's claims. Plaintiff's complaint alleges claims of misappropriation, breach of fiduciary duty, breach of confidential relationship, breach of duty of loyalty, fraud, and unjust enrichment. If any confidential information was misappropriated by Defendants, it was misappropriated long before the sale of Defendants' alleged copied furniture. Assuming Defendants' allegedly copied furniture is based on Plaintiff's confidential information, the misappropriation of that information would have taken place prior to the manufacture of that furniture in Mexico. The confidential information of Plaintiff was located at Montecitos Manufacturing S. De R.L. De C.V. in Tijuana, Mexico where Plaintiff manufactured its beds. *See* Ex. A at ¶20. Defendant Rodriguez was employed by Montecitos in Tijuana, Mexico, and not with Plaintiff. *See id.* at ¶23. Thus, the eventual sale of Defendants' furniture has nothing to do with the alleged misappropriation of the information they allegedly used to design and make it in the Desinos plant in Tijuana, Mexico. Similarly, if Defendants Rueda and Rodriguez breached a fiduciary duty, a confidential relationship, or a duty of loyalty owed to Plaintiff, they did not do so in Texas. Neither Defendant Rueda nor Defendant Rodriguez has ever worked or lived in Texas.

*See id.* at 5. Thus, no such duties could possibly have arisen, or been breached, in Texas. The same is true of Plaintiff's claims for fraud and unjust enrichment. If Defendants committed fraud or were unjustly enriched, such events occurred outside the State of Texas. For at least the foregoing reasons, there is no nexus between Plaintiff's claims and Defendants' contacts with the State of Texas.

> ### iii.    The exercise of jurisdiction over Defendants in Texas would be unfair and unreasonable

It would be unfair and unreasonable to exercise jurisdiction over Defendants in Texas. Neither Defendant Rueda nor Defendant Rodriguez have any connection to Texas. Defendant Rueda lives in Chula Vista, California and Defendant Rodriguez lives in Tijuana, Mexico. *See id.* at ¶¶14–15. Similarly, Defendant FIS is a California corporation based in San Diego, California and Defendant Disenos is a Mexican corporation based in Tijuana, Mexico. *See id.* at ¶¶16–17. The only connection any of Defendants have to Texas is Defendant FIS's sale of furniture to Bob Mills in Fort Worth, Texas. However, as discussed above, the sale of Defendants' furniture is irrelevant to Plaintiff's claims at issue in this case. In addition, because Plaintiff is a Florida Corporation, and because none of the events giving rise to Plaintiff's claims took place in Texas, neither Plaintiff's nor Defendants' witnesses live in Texas or have any connection to Texas. Accordingly, it would be unfair and unreasonable for the Court to exercise jurisdiction over Defendants in Texas.

## IV.    CONCLUSION

For at least the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

DATED this 30th day of July, 2018.

Respectfully submitted,

By: Charles W. Hanor
Texas Bar No. 08928800

Hanor Law Firm PC
750 Rittiman Rd.
San Antonio, TX 78209
(210) 829-2002 Phone
(210) 829-2001 Fax
chanor@hanor.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, the undersigned counsel for the Defendants, do hereby certify that I have this day, July 30, 2018, served a true and correct copy of the above and foregoing pleading by filing in ECF and by email and by fax to the following:

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

Allan B. Diamond
TX State Bar No. 05801800
Rebecca A. Muff
TX State Bar No. 24083533
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
adiamond@diamondmccarthy.com
rmuff@diamondmccarthy.com

Jason P. Fulton
State Bar No. 24040936
2711 N. Haskell Avenue, Suite 3100
Dallas, Texas 75204
(214) 389-5300 Telephone
(214) 389-5399 Facsimile
jfulton@diamondmccarthy.com

/Charles W. Hanor/_____
Charles W. Hanor