UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Canyon Furniture Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:18-cv-00753 |
| Daniel Rueda Sanchez, Julio Alfonso | § | |
| Rodriguez, Furniture Industries Services, | § | |
| Inc., & Disenos Innovadores de Baja | § | |
| California, S. de R.L. de C.V., | § | |
| | § | |
| Defendants. | § | |

## CONSENT PERMANENT INJUNCTION AND FINAL JUDGMENT

On this day, the Court considered the Parties' Joint Motion for Entry of Consent Permanent Injunction and Final Judgment. Having considered the motion and the record of the proceedings, the Court finds good cause to enter the following order.

### Findings of Fact and Conclusions of Law

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is an action between Canyon, a Florida corporation with its principal place of business in Florida, and Defendants, who are citizens of California (FIS) or Mexico (all other Defendants), and because the amount in controversy is $1,000,000.

2. This Court has personal jurisdiction over all Defendants under the Texas long-arm statute, as explained more fully in docket no. 36. In addition, Defendants waive personal jurisdiction, venue, and service of process for the purpose of this and any related actions and consent to being subject to the jurisdiction of this Court.

3. <u>Canyon</u>. Plaintiff Canyon Furniture Company creates unique designs and plans for a wide variety of quality home furniture.

4. <u>Canyon's Trade Secrets</u>. Canyon has developed several trade secrets that are worthy of protection.

    a. Canyon's designs, plans, and manufacturing processes for its furniture lines are trade secrets. These secrets are the product of years of thought, creativity, and monetary investment. Canyon has specifically engineered its designs, plans, and manufacturing processes to enable it to offer multiple furniture configurations using the fewest number of parts. Canyon's original furniture design, drawings, CAD designs, CNC machine computer instruction files, and manufacturing processes are all trade secrets under Texas law. Canyon's CAD designs show precise diagrams for use in manufacturing furniture, including how Canyon is able to use a small number of components to create multiple configurations of the same furniture. Canyon's CNC files are loaded into machines that automatically and repeatedly make precise cuts in wood to fabricate parts that are used in furniture.

    b. Canyon also uses a trade-secret finishing process on some lines of furniture. Canyon designed and employs a multi-step wood-tone finishing system that has been carefully formulated to create different finishes using blends of chemicals that are formulated by Canon to be appealing in the marketplace by providing the color, look, feel, and durability desired by customers.

    c. Canyon's aggregated customer data are also trade secrets. Canyon tracks the sales of its lines, including of the multiple different configurations and colors of those lines, and Canyon knows which configurations and color combinations sell best. Canyon uses that trade-secret information to decide whether to design and manufacture a new item or discontinue the sale of an old item. This information—years of aggregated customer data—allows Canyon to

understand and predict the needs of the market and trends in consumer preferences and thereby tailor its offerings to maximize profit.

    d.  Canyon's vendor lists and vendor-pricing information are also trade secrets. This information include vendors that supply unique items to Canyon and that have negotiated preferential pricing with Canyon based on its history as a volume purchaser. Canyon uses its vendor list to source materials for furniture construction at prices that allow it to sell furniture at competitive prices and still earn a profit.

    5.  <u>Confidentiality</u>. Canyon protects the confidentiality of its trade secrets through a combination of (1) limiting access to information outside of senior leadership; (2) using tight system controls; (3) buying from a small vendor base and cultivating longstanding vendor relationships with vendor-partners who appreciate the importance of protecting trade secrets and who would not knowingly divulge Canyon's trade secrets to its competitors. As a result, third parties, the public, and Canyon's competitors do not know Canyon's trade secrets and cannot readily obtain them except through improper means.

    a.  Canyon keeps its manufacturing-related trade secrets in electronic form on password-protected computer systems that are available only to senior leadership or individuals tasked with preparing the relevant information.

    b.  Canyon does not disclose the exact chemical formulations of its secret finishing process. It limits information about the process to a small team, uses a private room with controlled access for mixing and storing, and keeps information on its purchasing of supplies on a password-protected computer system that is available only to senior leadership and individuals with responsibility for purchasing or invoicing.

c. Customer and financial data is kept confidential by using password-protected computer systems and limiting disclosure to senior managers and those responsible for accounting.

d. Canyon keeps its vendor and pricing information confidential by keeping it on password-protected computer systems and limiting disclosure to senior managers and those responsible for purchasing and accounting.

6. <u>Independent Value</u>. Canyon's trade secrets are independently valuable and cannot be ascertained through proper means.

a. Canyon's manufacturing-related trade secrets are valuable because they allow Canyon (or its agent) to quickly and efficiently produce identical pieces of furniture, including with specific uses, combinations, and configurations. They also provide "negative" know-how, or learning from the results of trial and error. These manufacturing means, designs, processes, and instructions are not available simply by observing a finished piece of furniture.

b. Canyon's secret finishing process is valuable because it allows Canyon to produce a highly durable finish for home furniture with colors that are proven to sell well. Canyon's finishing process is not ascertainable by Canyon's competitors because the individual film layers are not visible in the finished product. Even if a competitor could approximate the final color of Canyon's finished products, it could not discern the steps used to build the layers of finish.

c. Canyon's customer and financial data are valuable because they allow Canyon to track unit-sales of its furniture lines, including by configuration and color, so Canyon can know which lines and which configurations and colors sell best. A competitor that had access to this data would be able to compete with Canyon only on its best-selling or most-profitable items.

d. Canyon's vendor and pricing information is valuable because it gives Canyon a competitive advantage. A competitor that had access to Canyon's vendor information would be able to source similar or identical parts—some of which are unique or not easily sourced—and would be able to negotiate more favorable pricing. Ultimately, this would allow Canyon's competitors to mimic its unique look and design. Canyon's vendor and pricing information is not ascertainable through proper means because Canyon's vendors are not identified on the finished furniture sold to consumers.

7. The Court finds that Canyon's trade secrets set forth in Paragraph 4, above are trade secrets within the meaning set of the Texas Uniform Trade Secrets Act, Tex. Civ. P. & Rem. Code 134A.002(6).

8. <u>Misappropriation</u>. Defendants Rodriguez and Rueda misappropriated Canyon's trade secrets through a confidential relationship or improper means.

a. Defendant Julio Alfonso Rodriguez Valdez (Rodriguez) served as Canyon's Chief Financial Officer for more than 15 years (around 2002 through July 9, 2018). As CFO, Rodriguez held positions of trust and confidence with the following areas of responsibility: human resources, security, IT, import/export, and all accounting and activities related to its financial operations, including the costs of manufacturing furniture items, the sales volumes of specific colors and configurations of furniture models, the selling price of furniture items, the prices and costs of each component of each furniture item, customer names, the names of vendors that supply parts, including those that supply Canyon with unique parts, and all other information used to track and report costs, sales, revenues, and pricing, and other highly sensitive, proprietary information/data.

b.      Defendant Daniel Rueda Sanchez (Rueda) managed Canyon's Baja manufacturing plant,[1] but has held many senior level positions of trust in his 20 years of employment (from approximately 1998 through May of 2018) starting with product engineer. As manager, Rueda was responsible for plant operations, which includes purchasing, inventory control, engineering and manufacturing, finishing, packing and shipping. As manager, Rueda had access to Canyon's original research, planning, and furniture designs, furniture drawings, furniture mock-ups, final CAD drawings; CNC machine computer instruction files, manufacturing processes, finishing processes, finishing chemical formulations, vendor lists, component pricing, vendor pricing, costs, sales data, and pricing sheets for furniture. Rueda had access to this information on account of the positions of trust and confidence he held at Canyon.

c.      Unbeknownst to Canyon, Rueda and Rodriguez abused their positions of trust and confidence to steal Canyon's trade secrets for their own benefit to unfairly compete with Canyon and undermine Canyon's operations to Canyon's detriment. Rueda and Rodriguez secretly formed, incorporated, and owned two companies, Defendants Furniture Industries Services (FIS) and Disenos Innovadores de Baja California, S. de R.L. de C.V. (Disenos). Rueda and Rodriguez unlawfully used Canyon's trade secrets to copy and manufacture Canyon's furniture and designs for sale to competitors of Rooms to Go, Canyon's primary retail distributor ("RTG").

d.      Beginning at least as early as June 2016, Rueda and Rodriguez (1) caused Disenos to manufacture copied furniture based on materials stolen from Canyon's Baja manufacturing plant; and (2) caused FIS to sell the copied furniture to a competitor of RTG.

---

[1] Canyon manufactures furniture for sale in the United States, including in Bexar County, under a Maquiladora arrangement at an affiliated entity, Montecitos Manufacturing, S. de R.L. de C.V., located in Tijuana, Baja California, Mexico. Canyon owns all the equipment, parts, supplies, and information associated with the construction of its furniture at Montecitos, which must keep all of Canyon's information confidential and which must require its employees to maintain confidentiality.

6

e. In other words, for at least two years, Defendants used Canyon's trade secrets to compete with Canyon, during which time both Rueda and Rodriguez served in senior roles of trust and confidence at Canyon or its manufacturing affiliate.

f. Canyon did not authorize Rueda and Rodriguez to misappropriate its trade secrets or misuse its trade secrets to manufacture and sell copied furniture.

9. <u>Irreparable, incalculable harm</u>. Defendants' misappropriation and misuse of Canyon's trade secrets have caused irreparable harm to Canyon, which cannot be remedied by money damages.

a. Defendants' attempts to pass off Canyon-designed furniture as their own are causing Canyon to lose sales through its exclusive retailer, RTG, because RTG's competitors are offering identical products based on stolen plans and parts. Beyond that, Canyon loses collateral sales from consumers who might have bought more than just the furniture copied by Defendants, but other Canyon-designed furniture as well. It is impossible to quantify the volume of stolen merchandise, the revenue lost to customers who purchased the copied furniture from RTG's competitor, or the harm caused to Canyon by the potential loss of trade-secret protections.

b. If not enjoined, Defendants may continue to misappropriate and misuse Canyon's trade secrets, which will imminently cause similar irreparable injury to Canyon, which cannot be remedied by money damages.

**ACCORDINGLY**, the Court **ENTERS** the following Permanent Injunction and Final Judgment:

## **Permanent Injunction and Final Judgment**

1. Defendants Daniel Rueda Sanchez, Furniture Industries Services, Inc. ("<u>U.S. Defendants</u>"), Julio Alfonso Rodriguez and Disenos Innovadores de Baja California, S. de R.L. de

C.V. ("Mexican Defendants") (collectively, "Defendants"), along with each of their agents, affiliates, successors, assigns, and employees, and any and all other persons or entities acting under each Defendants' authority are permanently enjoined from possessing, publishing, disclosing, or using directly or indirectly in any form or manner or for any purpose the "Canyon Trade Secrets."

2. The Canyon Trade Secrets include Canyon's furniture designs, plans, manufacturing processes, drawings, CAD designs, CNC machine computer instruction files, information related to Canyon's proprietary finishing process, Canyon's vendor lists and vendor-pricing information, and Canyon's financial information, including data related to customers, sales, revenues, profits, costs, and margins.

3. Within fifteen (15) days of the entry of this Order, Defendants shall return to Canyon all documents or other media containing, reflecting, referencing, or describing any of the Canyon Trade Secrets, including all copies and partial copies.

4. Within fifteen (15) days of the entry of this Order, Defendants shall permanently delete the Canyon Trade Secrets from all their computer networks, email accounts, and any other physical or electronic storage locations (including local, network, or "cloud").

5. The U.S. Defendants, along with each of their agents, affiliates, successors, assigns, and employees, and any and all other persons or entities acting under each Defendants' authority, are further permanently enjoined in the United States and in Tijuana, Baja California, Mexico from using any Canyon Trade Secret to manufacture, use, exploit, market, promote, advertise, sell, license, distribute, offer for sale, solicit customers to buy, receive or accept payment from customers for, import, or in any other way deal with, any product.

6. The Mexican Defendants, along with each of their agents, affiliates, successors, assigns, and employees, and any and all other persons or entities acting under each Defendants'

authority, are further permanently enjoined in the United States and in Tijuana, Baja California, Mexico from using any Canyon Trade Secret to manufacture, use, exploit, market, promote, advertise, sell, license, distribute, offer for sale, solicit customers to buy, receive or accept payment from customers for, import, or in any other way deal with, any product which is imported or exported to the United States.

7. The Parties have consented to this Permanent Injunction and Final Judgment pursuant to a settlement of their claims against each other, and, accordingly, they acknowledge that this Order shall constitute a final adjudication on the merits of the Parties' claims.

8. By consenting to this Permanent Injunction and Final Judgment, the Parties represent and warrant that they understand its terms and their respective obligations and that they do not believe it is vague, ambiguous, overbroad, unreasonable, or otherwise unenforceable. The Parties agree that neither shall challenge the reasonableness or enforceability of the terms of this Permanent Injunction and Final Judgment or this Court's jurisdiction in any court or other proceeding.

9. The Court holds and the Parties agree that Canyon has prevailed on the merits of its claim for Unfair Competition – Statutory Misappropriation of Trade Secrets under the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code §§ 134A.001 et seq.) (Count One). With the exception of any claims arising from a violation or breach of this order, the rest of Canyon's claims are hereby **DISMISSED WITH PREJUDICE**.

10. The Court retains jurisdiction over this action for the purpose of making or entering any further orders necessary or proper for the construction, modification, or enforcement of this permanent injunction and final judgment.

11. Each Party shall bear its own costs and fees in connection with this action.

12. Once entered, this is a final judgment, and each Party waives its right to appeal.

It is so **ORDERED**

**SIGNED** this 21 day of Dec, 2018.

_____
ORLANDO L. GARCIA
Chief United States District Judge